UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **STEVEN JAY NEUMANN**, | Case No. 1:10 CV 2021 |
| Plaintiff, | Judge Sara Lioi |
| v. | REPORT AND RECOMMENDATION |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | Magistrate Judge James R. Knepp II |

### Introduction

Plaintiff Steven Neumann filed a Complaint (Doc. 1) against Defendant Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny disability insurance benefits (DIB) and supplemental security income (SSI). The district court has jurisdiction under 42 U.S.C. § 405(g) and § 1383(c)(3).

This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(1). For the reasons stated below, the undersigned recommends the Commissioner's decision be affirmed.

### Background

Plaintiff filed an application for SSI and DIB on March 27, 2007, alleging disability as of April 29, 2003. (Tr. 9). Plaintiff alleged he was disabled because of complications surrounding his spine, left shoulder, and knees. (Tr. 11). His application was denied initially and on reconsideration and Plaintiff sought an administrative hearing. Barbara Sheehe, administrative law judge (ALJ) held a hearing on November 2, 2009, in Cleveland, Ohio. (Tr. 17-44). Plaintiff

appeared with his attorney in person and testified at the hearing. (*Id.*). Nancy Borgenson Ph.D., a vocation expert (VE), also testified at the hearing. (*Id.*).

The ALJ issued a decision on December 23, 2009. (Tr. 9-16). The ALJ determined Plaintiff was not entitled to DIB and SSI because Plaintiff was capable of performing a range of light work. (Tr. 12). This became the final decision of the Commissioner following the Appeals Council's denial of review on July 13, 2010. (Tr. 1-3). *See* 20 C.F.R. §§ 404.981, 416.1481.

Plaintiff filed a Complaint on September 10, 2010, seeking review of the ALJ's decision. (Doc. 1). Plaintiff then filed a Statement of Specific Errors on December 28, 2010. (Doc. 13). Defendant filed a brief in response. (Doc. 14).

**Standard of Review**

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). However, procedural errors can be a basis for overturning

2

the decision of the Commissioner, even if that decision is supported by substantial evidence. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## Standard for Disability

Eligibility for SSI and DIB is predicated on the existence of a disability. 42 U.S.C. §§ 423(a); 1382(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Commissioner follows a five-step evaluation process – found at 20 C.F.R. §§ 404.1520 and 416.920 – to determine if a claimant is disabled:

1. Was claimant engaged in a substantial gainful activity?

2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's residual functional capacity and can claimant perform past relevant work?

5. Can claimant do any other work considering his residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.* The court considers the claimant's residual functional capacity, age, education, and past work experience to determine if the claimant could perform other work. *Id.* Only

3

if a claimant satisfies each element of the analysis, including inability to do other work, and meets the duration requirements, is he determined to be disabled. 20 C.F.R. §§ 404.1520(b)-(f) & 416.920(b)-(f); *see also Walters*, 127 F.3d at 529.

## Discussion

Plaintiff presents a single argument – the ALJ's finding that Plaintiff was not disabled is incorrect because, in response to the ALJ's fourth hypothetical question, the VE testified there were no jobs the claimant could perform. (Doc. 13, at 2). He argues: "When a question is posed by an [ALJ] to a [VE] which accurately describes the residual functional capacity [(RFC)] of the claimant and the answer is 'there are no jobs available in the National Economy,' then the Commissioner's burden of proof has not been met." (Doc. 13, at 4). In response, Defendant asserts the ALJ's decision is supported by substantial evidence. (Doc. 14, at 7).

Plaintiff contends the ALJ's step five finding is not supported by substantial evidence specifically because of the VE's response to the fourth hypothetical question. (Doc. 13, at 2). To meet [her] burden [at the Fifth Step], the Commissioner must make a finding "supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *O'Banner v. Sec'y of Health, Education & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978)). "Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question." *Id.* If an ALJ relies on a VE's testimony in response to a hypothetical to provide substantial evidence, that hypothetical must accurately portray the claimant's limitations. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010); *see also Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (explaining that although an ALJ need not list a claimant's

4

medical conditions, the hypothetical should provide the VE with the ALJ's assessment of what the claimant "can and cannot do").

The four hypothetical questions presented by the ALJ to the VE are as follows:

1. "[What is the relevant work available for] an individual who can sit, stand, or walk six hours each during the course of an eight hour day. This person can lift up to 20 pounds occasionally and ten pounds frequently. I'm not going to put any limitations on pushing or pulling. This person should not frequently lift left shoulder above shoulder level."

2. "In addition to the above limitations I'd like to add the further limitation that the person can reach, handle, finger, and feel frequently but not continuously with the right dominant hand."

3. "I want to add the further limitation that this person should be allowed to change position between sitting and standing as required for comfort. As they change position they'd only be off task for a minute or so."

4. "In addition to the above limitations, as a result of pain and other symptoms, such an individual would be off task at least 20 percent of the day. Are there any jobs such a person could perform?"

(Tr. 40-42).

The ALJ is only required to incorporate those limitations she finds credible and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact."). The ALJ is not required to include in her RFC every restriction about which she asks the VE.

Here, the ALJ adopted the restrictions in the first and second hypothetical questions, but declined to accept the restrictions in the third and fourth hypotheticals. (Tr. 5). The ALJ's RFC determination correlated with those questions:

5

> The claimant has the residual functional capacity to perform light work with lifting and carrying up to 20 pounds occasionally and 10 pounds frequently, sitting for six hours in an eight hour day, standing for six hours in an eight hour day, walking for six hours in an eight hour day, no frequent lifting of the left shoulder above shoulder level, and the claimant can engage in frequent but not continuous reaching, handling, fingering or feeling with the dominant right hand. 20 CFR 404.156(b) and 416.967(b).

(Doc. 12-2, at 12-13). The ALJ did not adopt a limitation for an individual being off task for at least twenty percent of the day (due to pain or other symptoms) into her RFC finding, which is the limitation she posed in the fourth hypothetical to the VE. (Tr. 43). Therefore, contrary to Plaintiff's argument, the fact the VE responded negatively to the fourth hypothetical question does not show the ALJ's decision lacks substantial evidence.

In this case, Plaintiff implicitly challenges the ALJ's decision not to include the restriction from the fourth hypothetical – being off task for more than twenty percent of a workday. *See* Doc. 13, at 5 (stating that "the testimony of the [VE] indicat[ed] that there were no jobs available to an individual with the same criteria as [Plaintiff]").[1] However, Plaintiff makes no effort to point to *any* evidence in support of such restriction. Furthermore, Plaintiff's treating physicians at the Cleveland Clinic frequently indicated "[n]o" in response to the question "Does the patient have difficulty performing or completing routine daily activities?" (Tr. 436, 441, 446). A Cleveland Clinic physician performed a mental status evaluation on Plaintiff and described Plaintiff's cognitive abilities, including short and long term memory, as "good" and noted "[a]ttention span and concentration are excellent." (Tr. 425). Thus, the ALJ reasonably declined to adopt the limitation for being off task twenty percent or more a workday. (Tr. 13-14).

---

[1] Plaintiff does not appear to challenge the restriction from the third hypothetical – that a person need to alternate between sitting and standing. In any event, the VE testified that even with that restriction, jobs existed. (Tr. 42).

**Conclusion and Recommendation**

Following review of the arguments presented, the record, and applicable law, this Court finds the Commissioner's decision denying SSI and DIB supported by substantial evidence. The undersigned therefore recommends the Commissioner's decision be affirmed.

s/James R. Knepp II<br>United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).